**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 1:20-cv-00125-RM-SKC

BRADLEY J. MITCHELL

 Plaintiff,

v.

DR. ROBERT MAGNUSON MD,
MIGUEL MISTRE,
LAUREN DILLMAN,
ELIZABETH SNOW,
DAWN ANDERSON, and
VANI RUSSELL,

 Defendants.

## ORDER RE: DEFENDANTS' MOTION TO DISMISS [#34]

Defendants Robert Magnuson, Dawn Anderson, and Vani Russell (collectively, "CDOC Defendants"), move to dismiss Plaintiff Bradley Mitchell's Amended Complaint ("AC") [#8] under Fed. R. Civ. P. 12(b)(6). The Court has reviewed the Motion and related briefing. No hearing is necessary. For the reasons stated herein, the Court GRANTS the Motion.

### A. BACKGROUND

Mr. Mitchell is incarcerated in the Colorado Territorial Correctional Facility ("CTCF") in the custody of the Colorado Department of Corrections ("CDOC"). His AC alleges liability under 42 U.S.C. § 1983 for alleged violations of his rights under the Eighth Amendment arising from the treatment and associated delays in treatment

for his obstructive sleep apnea ("OSA"). The Court accepts the following well-pleaded facts as true and views the allegations in the light most favorable to the non-movant. *Casanova v. Ulibarri*, 595 F.3d 1120, 1124-25 (10th Cir. 2010). Moreover, Plaintiff filed his AC at a time when he was not represented by counsel. Thus, the Court construes the AC liberally but without acting as Plaintiff's advocate. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Mr. Mitchell asserts the same Eighth Amendment claim pursuant to 42 U.S.C. § 1983 against each of the three CDOC Defendants in their individual capacities. [*See* #12 (adopting recommendation resulting in dismissal of official capacity claims).] The AC alleges that on October 19, 2016, Mr. Mitchell completed a sleep study at CTCF medical performed by a specialist from Rocky Mountain Sleep that resulted in a recommendation he receive a sleep machine to correct his OSA. [#8, ¶9.] The recommended priority was for him to receive the sleep machine within two months, although Mr. Mitchell was not aware of the priority at the time. [*Id.*]

Thereafter, the AC alleges a series of abundant delays, kites, and follies by the CDOC Defendants, to include multiple deliveries of the wrong type of sleep machine, all occurring at least through February 2020—over a three-year period at a minimum. [*See id.* ¶¶10-32.] The AC alleges each of the CDOC Defendants was personally aware of the problems Mr. Mitchell experienced in obtaining a proper sleep machine, and they failed to ensure he received timely and adequate medical care. [*Id.* pp. 17, 24, and 26.]

The CDOC Defendants argue four bases for dismissal: (1) the claim against Dr. Magnuson is barred by the statute of limitations; (2) Mr. Mitchell fails to state a claim for relief against the CDOC Defendants under the Eighth Amendment; (3) Mr. Mitchell fails to establish personal participation against Defendants Russell and Anderson; and (4) Defendants are entitled to qualified immunity. [#34, p. 2.]

### B.   LEGAL PRINCIPLES

Under Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The *Twombly-Iqbal* pleading standard requires that courts take a two-prong approach to evaluating the sufficiency of a complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554 (2007).

The first prong requires the court to identify which allegations "are not entitled to the assumption of truth" because, for example, they state legal conclusions or are mere "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. The second prong requires the court to assume the truth of the well-pleaded factual allegations "and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679. "Accordingly, in examining a complaint under Rule 12(b)(6), [courts] will disregard conclusory statements and look only to whether the remaining, factual allegations plausibly suggest the defendant is liable." *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012).

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted). A claim is plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard requires more than the sheer possibility that a defendant has acted unlawfully. *Id.* If the allegations "are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" *Robbins v. Oklahoma*, 519 F.3d 1242, (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 570). The standard is a liberal one, and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that recovery is very remote and unlikely." *Dias v. City & Cty. of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009).

## C. DISCUSSION

### 1. Eighth Amendment Claim

"The Eighth Amendment's prohibition of cruel and unusual punishment imposes a duty on prison officials to provide humane conditions of confinement, including adequate . . . medical care, and reasonable safety from bodily harm." *Tafoya v. Salazar*, 516 F.3d 912, 916 (10th Cir. 2008) (citation omitted). The Eighth Amendment also prohibits "unnecessary and wanton infliction of pain," including "deliberate indifference to serious medical needs of prisoners." *Estelle v. Gamble,* 429 U.S. 97, 104 (1976). Prison officials may be liable for an Eighth Amendment violation

for "indifference . . . manifested . . . in their response to the prisoner's needs or by . . . intentionally denying or delaying access to medical care or intentionally interfering with treatment once prescribed." *Estate of Booker v. Gomez*, 745 F.3d 405, 429 (10th Cir. 2014) (quoting *Estelle*).

A claim for deliberate indifference involves both an objective and a subjective component. *Mata v. Saiz,* 427 F.3d 745, 751 (10th Cir. 2005). Under the objective component, the prisoner must "produce objective evidence that the deprivation at issue was in fact 'sufficiently serious.'" *Id.* (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). "[A] medical need is sufficiently serious if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Mata*, 427 F.3d at 751 (even a physician's grossly negligent medical judgment is not subject to scrutiny if the prisoner's need for medical treatment was not obvious) (internal quotations and citation omitted).

The subjective component requires a state of mind "akin to recklessness in the criminal law, where, to act recklessly, a person must consciously disregard a substantial risk of serious harm." *Self v. Crum*, 439 F.3d 1227, 1231 (10th Cir. 2006) (quoting *Farmer*, 511 U.S. at 837) (internal quotations and citation omitted). Under this standard, "the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. "Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the

usual ways, including inference from circumstantial evidence." *Self*, 439 F.3d at 1231 (internal quotations omitted). Further, the plaintiff must allege the defendant personally participated in the Eighth Amendment violation. *See Jenkins v. Wood*, 81 F.3d 988, 994 (10th Cir. 1996).

Under the subjective element, the prisoner must establish deliberate indifference to his serious medical needs by "present[ing] evidence of the prison official's culpable state of mind." *Mata*, 427 F.3d at 751. "Deliberate indifference to serious medical needs of prisoners constitutes unnecessary and wanton infliction of pain." *Estelle*, 429 U.S. at 104 (internal quotation and citation omitted). Relevant here, the Tenth Circuit recognizes claims for deliberate indifference when a medical professional fails to properly treat a serious medical condition. Under this type of deliberate indifference, an assertion of negligence or medical malpractice does not give rise to a constitutional violation. *Perkins v. Kan. Dept. of Corr.*, 165 F.3d 803, 811 (10th Cir. 1999). *See also Martinez v. Beggs*, 563 F.3d 1082, 1088 (10th Cir. 2009) ("'an inadvertent failure to provide adequate medical care' does not rise to a constitutional violation," quoting *Estelle*, 429 U.S. at 105–06). A prisoner's disagreement with medical personnel over the course of his treatment also does not state a claim. *Perkins*, 165 F.3d at 811.

### a. Objective Component

Here, the Court concludes the allegations in the AC sufficiently plead a serious medical need. Mr. Mitchell alleges he completed a sleep apnea questionnaire at the behest of Dr. Magnuson, who requested a sleep study to determine whether Mr.

Mitchell needed a sleep machine. [#8, ¶4.] Nurse Morris also submitted a request for Mr. Mitchell to have a sleep study. [*Id.*, ¶6.] The AC alleges that, on October 19, 2016, Mr. Mitchell completed a sleep study at CTCF medical that was conducted by "a specialist from Rocky Mountain Sleep." [*Id.*, ¶9.] The result of this sleep study was a recommendation (plausibly inferred as being from the specialist or CTCF medical) that Mr. Mitchell receive a sleep machine to correct his OSA, and that he should receive the sleep machine within two months. [*Id.*] These allegations are sufficient to plausibly allege Mr. Mitchell's OSA was a serious medical need.[1] *See Farmer*, 511 U.S. at 834 ("[A] medical need is sufficiently serious if it has been diagnosed by a physician. . ."); *see also West v. Scott,* No. 09-cv-01268-MSK-KLM, 2010 WL 1258060, at *10 (D. Colo. Mar. 29, 2010) ("This allegation is sufficient to allege that Mr. West's sleep apnea condition was, at least at that point in time, considered by a medical provider to be sufficiently serious to warrant treatment, and thus, satisfies Mr. West's obligation to plead the existence of a serious medical need.").

But the Court agrees with the CDOC Defendants that the AC fails to plausibly allege substantial harm resulting from the delays associated with providing Mr. Mitchell the correct sleep machine. This is not to say the harms Mr. Mitchell has suffered (feeling helpless and depressed; frequently tired; falling asleep in various

---

[1] Because of these factual allegations, the Court is not persuaded by the CDOC Defendants' arguments (which rely on out-of-circuit case law) that the AC fails to allege or distinguish between "moderate" versus "severe" sleep apnea. The Court finds it is enough that the AC alleges medical specialists studied Mr. Mitchell's condition and determined it was severe enough to warrant a sleep machine to be provided in due course.

7

places; etc.) are insignificant,[2] but the law requires more than what is alleged in the AC to plausibly allege substantial harm resulting from delayed medical care. *See Al-Turki v. Robinson*, 762 F.3d 1188, 1193 (10th Cir. 2014) ("Plaintiff's pain was so severe that he collapsed, vomited, and believed he was dying. This severe pain and fear of death lasted for several hours, during which Plaintiff was provided with neither the medical treatment that could have reduced his pain nor the medical diagnosis that could have removed his fear of death."); *Sealock v. Colo.*, 218 F.3d 1205, 1210 (10th Cir. 2000) (plaintiff suffered severe chest pain which he believed was caused by a heart attack and the delayed treatment caused pain and suffering lasting several hours).

### b. Subjective Component

The Court further concludes the AC lacks allegations of fact to plausibly allege the requisite state of mind to satisfy the subjective prong. While the AC alleges egregious delay, it fails to plausibly allege a conscious disregard of a substantial risk of harm. It in fact alleges various actions taken by CDOC Defendants, though perhaps inept and ineffective, which demonstrate their efforts and regard for Mr. Mitchell's OSA and attempts to address the recurring problems with the sleep machine. [#8, ¶¶3-4, 11, 15, 35, 44, 46, and 47.] As a result, at most the allegations in the AC suggest negligence on the part of the CDOC Defendants. It is well-settled that negligent conduct is insufficient to show a violation of the Eighth Amendment. *Whitley v.*

---

[2] The AC does allege Mr. Mitchell was obese and had diabetes. But these alleged conditions predate his receipt of the incorrect sleep machine and the AC fails to plausibly allege the delays associated with his getting the correct sleep machine caused these conditions.

*Albers*, 475 U.S. 312, 319 (1986) ("conduct that does not purport to be punishment at all must involve more than ordinary lack of due care for the prisoner's interests or safety.")

Moreover, these allegations highlight the lack of personal participation by these Defendants in any alleged constitutional deprivations. *Foote v. Spiegel*, 118 F.3d 1416, 1423 (10th Cir. 1997). While there are allegations the CDOC Defendants responded to Mr. Mitchell's grievances or otherwise gave indications at different times that they would contact the provider of the sleep machine, there are no allegations (beyond conclusory) indicating these Defendants took actions, or refrained from acting, in a deliberate effort to deprive Mr. Mitchell of a sleep machine, or the correct sleep machine. Indeed, the AC fails to plausibly allege these Defendants had any specific control over the matter other than to make inquiries and requests of the sleep machine provider.

Finally, because the Court has determined the AC fails to plausibly allege an Eighth Amendment claim, it follows that the CDOC Defendants are entitled to qualified immunity.[3] *Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

---

[3] To overcome the qualified immunity defense, a plaintiff must allege the defendant violated his constitutional right, and the right was clearly established at the time of the alleged unlawful activity. *Pearson v. Callahan*, 555 U.S. 223, 232 (2009). The court may, in its discretion, address the prongs in any order. *Id.* at 236. Given this Court's conclusions regarding Plaintiff's failure to state a claim, it does not address whether any right was clearly established. *Lyng v. Nw. Indian Cemetery Protective Assn.*, 485 U.S. 439, 445 (1988) ("A fundamental and longstanding principle of judicial restraint requires that courts avoid reaching constitutional questions in advance of the necessity of deciding them.").

## D. CONCLUSION

For these reasons, Plaintiff has failed to plausibly allege an Eighth Amendment claim.[4] Accordingly, the Court GRANTS the Motion (#34) and Defendants Robert Magnuson, Dawn Anderson, and Vani Russell are dismissed from this action.

DATED this 31st day of March, 2021.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge

---

[4] The Court does not reach the CDOC Defendants' additional claimed bases for dismissal.

10